Wyandotte Rolling Mills Company v. William D. Robinson.

*Superior court of Detroit: Rules of practice: Time to appear and plead.* The superior court of Detroit has no authority under the statute to provide by rule not approved by the supreme court for defaulting a defendant sued by declaration within ten days after service.

*Rules of practice: State policy: Uniformity.* It has been the clear policy of the state for many years, evidenced by constitutional provision and by legislation, to secure uniformity in all the tribunals of the same class as to substantial matters of practice; and the superior court of Detroit, as respects civil jurisdiction, is a tribunal of the same class as the circuit courts.

*Rule to plead: Time: Statutory regulation: Superior court of Detroit: Circuit courts.* The commencement of suits by declaration being a statutory innovation, so that no established common-law practice exists to govern, the fixing of a reasonable time within which to plead after service is within the scope of the general practice of the circuit courts; and it should be fixed either by statute or by court rule; but the legislature having by statute fixed the period at twenty days for the circuit courts generally, it is not within the power of a court of like jurisdiction subsequently created to shorten this period to ten days, in the absence of statutory provision clearly conferring such authority.

*Superior court of Detroit: Authority to make rules: General rules of practice.* The authority given to the superior court, by its original organic act (*Laws 1873, p. 61*), to make and adopt rules of practice for such court in respect to times for pleading, etc., does not empower that court to interfere with the legislative regulation concerning actions commenced by declaration, and under the amendment of 1875 (*Laws 1875, p. 6*), the power of the superior court to adopt any general rule of practice is made subject to the condition of approval thereof by the supreme court.

*Submitted on briefs June 20.    Decided October 4.*

Error to Superior Court of Detroit.

*Moore & Moore,* for plaintiff in error.

*Griffin & Dickinson,* for defendant in error, argued that the question of time for appearing and pleading is not one of absolute right, but one of convenience to the court, and is not in the domain of those powers which the legislature alone can exercise and cannot delegate: *Wayman v. Southard, 10 Wheat., 42;* that the legislature can confer upon courts the power to prescribe their own rules of practice: *Bank v. Halsted, 10 Wheat., 51; Beers*

*v. Houghton, 9 Pet., 329;* and that the rule in question comes within this class: *Vanata v. Anderson, 3 Bin., 417; Barry v. Randolph, Ib., 277; Dubois v. Turner, 4 Yeates, 361; Wayman v. Southard, 10 Wheat., 1; U. S. Bank v. Halsted, 10 Wheat., 51; Thompson v. Hatch, 3 Pick., 512; Yan v. Mead, 5 McLean, 272;* that when a local court of peculiar organization has express power conferred upon it by statute to adopt rules of practice, the appellate court has no right to control its discretion in this regard unless it has abused its authority or violated some law: *State v. Smith, 44 Mo., 112;* that the statute confers the power upon the superior court to adopt such a rule; and that if any doubt exists on that subject, the practical construction given to the statute ought to have great weight in determining the question: *Stewart v. Laird, 1 Cranch, 299; Rogers v. Goodwin, 2 Mass., 478; State v. Mayhew, 2 Gill., 487.*

GRAVES, J:

The superior court of Detroit having, without the sanction of this court, adopted a rule which it construes as authorizing a defendant sued by declaration to be defaulted for want of a plea within ten days after service of declaration, the defendant in error obtained judgment in that court against the company on a ten-day default in a suit so commenced.

The company removed the case to this court by writ of error, and although a point is made upon the proof of service of the declaration, the only important question is, whether the default in point of law is sufficient to support the judgment against the objection made to it. In considering the question it is deemed best to waive controversy about the correctness of the construction which the court below has given to its own rule, and at once inquire whether the court is authorized to maintain on its own authority a ten-day rule to plead in actions commenced by declaration.

For many years it has been the clear policy of the state
to secure uniformity in all the tribunals of the same class
in all substantial matters of practice, and this is discovera-
ble not only in legislation, but in the constitution.     As
promotive of this policy and to erect a guard against the
discordance to be naturally expected if each tribunal were
left to establish its own code of rules, it was ordained by
the constitution that one tribunal, and that the court of
last resort, should by general rules establish, modify and
amend the practice in the circuit courts.—*Art. VI.*, § *5*.
The same idea has been often and in various ways acted
upon by the legislature, and in many instances the end has
been achieved by specific regulations on particular points.
Among the provisions giving power to the supreme court
to make rules for the circuit courts and other courts of
the same class, like the superior court of Detroit, we cite
the following:—§§ *4912, 4921, 4927, 4945, 5069,
5088, 5089, 5795, 5904, C. L.     Section 6059*, being
§ 5 of the act to supply lost records, papers, and proceed-
ings in courts of record, declares that "the supreme court
may make general rules for proceedings under this act, and
such rules when made shall govern all inferior courts."  Sec-
tion forty-three of the water-craft act, being § *6688* of the
compilation, gives to this court the power to make any rules
deemed necessary for the regulation of proceedings under the
act, not conflicting with its provisions;  and the forty-seventh
section, being § *6692* of the compilation, declares that the
proceeding and practice under the act shall be the same as
in personal actions at law, except as therein otherwise pro-
vided, so far as applicable.     Again, it is not given to the
probate courts to permanently establish their own code of
rules.     The statute says "the supreme court of this state
shall have power from time to time to make uniform rules
for regulating the proceedings in all the probate courts of
the state, and to alter, amend or modify the same as it
may judge necessary in all cases not expressly provided by
law."—§ *5232, C. L.*   And the legislature have even gone
so far as to confer on this court the authority to make rules

to limit in certain cases the power and discretion of circuit court commissioners and to regulate their action.—§§ *5181, 5591, 5592, C. L.*

In reference to many things not in their nature beyond the scope of court regulation, the legislature has itself directly intervened and made specific regulations by statute.

For example, it is provided by § *5074* that the equity calendar at any regular term shall not be taken up until the issues of fact have been first disposed of, unless by special order of the court.

*Sections 5723* and *5724* provide in substance that in all suits commenced by declaration the defendant shall have twenty days to plead in after service. *Section 5894* prescribes what time shall be allowed the adverse party for attending after notice in the matter of taking a deposition. *Section 5954* gives the time within which a plaintiff must deny by affidavit the defendant's verified set-off if he would prevent the verification of the set-off from being considered *prima facie* true. *Section 5973* declares that notice of trial of any issue of fact in a circuit court shall in all cases be served at least fourteen days before the first day of the court at which the trial is intended to be had. *Sections 6188* and *6189* require that in specified cases the defendant must be charged in execution in three months, etc.

Proceedings by way of suggestion to recover damages for rents and profits are required to follow the practice as regulated in personal actions, including of course the provision fixing the time for pleading.—§§ *6247, 6257, 6395.*

The water-craft law provides that there shall be ten clear days' notice of trial.—§ *6670.* In replevin the rule to plead must be the same as in personal actions.—§ *6748.* In *scire facias* to annul letters patent and vacate and annul acts of incorporation, twenty days are expressly allowed for pleading: §§ *7064, 7067;* and in certain cases on information in the nature of a *quo warranto* the time for pleading must be the same as in personal actions commenced by declaration, referring of course to the specific regulation by

statute giving twenty days.—§§ *7081, 7084.* These references are sufficient to show the course of policy to be as stated. True, there exist some exceptional and provisional regulations.—See §§ *4945, 5660, 5974, 6240, 6511* and *7103.* And there can be no doubt of the power of every court of record, when. not forbidden, to ordain suitable rules to apply to matters of practice not already regulated by the legislature or the supreme court. But there is nothing in all this contrary to the general policy before· mentioned. Proceedings may be devised by the legislature of an anomalous character and requiring rules in the opinion of that body equally anomalous, and so too there may be incidents specifically peculiar in the exercise of jurisdiction in some particular direction or in reference to some special subject, and which may call for a rule or rules directly adapted to the precise emergency and the particular tribunal. These exceptional arrangements stand by themselves. They do not belong to the general stream of practice, and do not fall into it. The commencement of suits by declaration is a statutory innovation, and there never was any common-law practice to prescribe the time to be allowed a defendant for pleading when sued in that way. Still a reasonable time ought to be assured, and the arrangement of it is within the scope of the general practice of all our common-law courts of record. It must be fixed either by statute or rule of court. That the time should be the same in all the circuit courts, is not only manifestly expedient,—not only required by the policy mentioned,—but is expressly enacted.

The time is settled at twenty days and no circuit court can abridge it.

As respects civil jurisdiction, the superior court is a tribunal of the same class as the circuit courts. There are no limitations upon its powers, or any enactments affecting its action, to impeach the analogy necessary for our present purpose. The nature of the subjects of its jurisdiction, so far as the jurisdiction extends, is the same. It is a court of original jurisdiction, proceeding according to the course

of the common law. It is a court of record, and cases are removable from it to this court by writ of error and appeal, as from the circuit courts.    There is no sound reason for exempting it from the policy referred to, or for extending to it a power in the establishment of important rules of practice not permitted to the circuit courts.    There is no sound reason for making it an exception and allowing it to abbreviate according to its own discretion the time for pleading.    The jurisdiction is not confined to defendants who dwell or continue in the neighborhood.    Suits may be brought against persons just leaving on honest business or some other call of duty, or against persons living far from the city, and the need for as long a period as the general statute gives, in which to secure accustomed counsel and serve a plea, may be quite as great as it would be if the case were brought in the circuit court.    Bearing in mind what has been said, we are brought to the question whether after all the legislature in erecting the superior court has abandoned this policy of promoting uniformity of practice in essential matters, and has sanctioned a distinction which allows that court to adopt what rules it pleases, and especially allows it to default a defendant living on Lake Superior if he fails to plead in ten days, whereas if the same party were sued for the same cause in the circuit, a court sitting only a few yards off in the same city, he would have by statute twenty days before he could be defaulted.

If the exceptional authority claimed really exists, no reason is perceived why, if the court should so incline, it might not reduce the time to five days, or even to one.

As previously noticed, the same statute which allows suits to be commenced by declaration expressly prescribes as a settled incident that the defendant shall have twenty days to plead (§§ *5723, 5724*), and the bringing suit in that mode must be subject in all cases to the right thus secured to the defendant, except where an authorized regulation exists which plainly curtails it.

In its terms, as construed, the rule of the superior court

34 MICH.—55.

does cut short the right, but the question is whether it clearly appears the legislature has empowered the court to prescribe the abridgment. If it does so appear it must be in the provisions of the organic act, because there is no other legislation which favors it. Indeed, as we have seen, if we pass outside of that enactment the reasons are very cogent against it, and whether there is any thing in it to overcome those reasons and show a clear legislative purpose to empower the court to shorten the time fixed by the general statute, is now to be ascertained.

In regard to the jurisdiction, so far as it goes, and the general right to employ the means necessary to effectuate it, the law places the superior court on the same footing with the circuit courts ( §§ *13* and *14, Act No. 59, Laws of 1873*), and as originally passed it contained two sections (15 and 18) applying expressly and directly to the practice of the court. The first, section 15, was in these terms: "The practice and proceedings in said superior court shall be the same as those provided by law for circuit courts in this state, unless otherwise limited by this act; and the rules prescribed by the supreme court for the guidance and practice of circuit courts shall be the rules of said superior court, so far as the same may be applicable; but the said court may have the same power of making rules for said court as is given to circuit courts or the judges thereof."

The other section, being section 18, was as follows: "Said court may make and adopt rules of practice for such court in respect to times for pleading and serving notices of trial and other notices, and filing notes of issue. The same costs may be taxed in favor of the prevailing party as are authorized to be taxed in circuit courts."

If both of these sections had remained unaltered it is not perceived they could be fairly read as empowering the court to cut short the time given for pleading by the statute authorizing the commencement of suits by declaration; the two sections must have been construed together, and in such a manner, if practicable, as to leave operative in the

superior court, as in the circuit courts, the specific regulation in regard to the time to plead contained in the general act.

And in this there could have been no difficulty.

There was room enough for rules in respect to times for pleading without interfering any more than the circuit courts could interfere with the legislative regulation concerning actions commenced by declaration. In most cases there have never been direct statutory rules for the times of pleading. The subject has generally been left to the courts, and when this tribunal established a code of rules for the circuit courts it was found necessary to fix the times for pleading in other cases, because such times were not fixed by statute. But it refrained from meddling with the time in suits commenced by declaration, because such time was already defined by the legislature. Since, then, there was full scope for the operation of the provision conveying power to make rules for times of pleading, without applying it to a ground already specifically covered by statute, and a ground to which this court, with its broad constitutional authority, had not assumed to touch, it cannot be intended that the superior court was meant to be empowered to go further and regulate according to its own discretion what the legislature had already regulated and this court had abstained from touching. Again, as originally enacted, sections fifteen and eighteen were in spirit conducive to the idea that the time rule in question given by the legislature, being binding upon the circuit courts and applicable to the superior court, should be binding on the latter, and such view is not impaired by other parts of the organic act. If upon fair construction of the act as it stood before the amendment of section fifteen in 1875 the superior court could not, as we think it could not, derogate from the statute giving twenty days to plead, it seems certain that it has not been able by its own authority to do so since. In that year the legislature repealed all of that section following the word "*applicable*" and substituted this language: "Provided that

the judge of said court shall have full power and authority to establish from time to time such rules of practice in said court as shall have been first approved by the supreme court. The supreme court shall also direct the time when such rules shall go into effect, and the mode in which they shall be published."—*Act 7 of the laws of 1875, p. 6.*

By this amendment the legislature said in effect that thereafter, at least, no general rule should be established on the sole authority of the judge of the superior court.

It coupled his power to establish any such rule with the condition that the rule must be first approved by the supreme court, and it made the condition coextensive with the power. Both equally apply to all matters fit to be governed by general rules of court. Hence they apply to general regulations, where the statutes leave room for any, concerning the times to be allowed for pleading; and as previously stated, the rule in question has not received the approval of this court. Again, the amendment falls in with the policy of uniformity. It erects a guard against discordant regulations by subjecting any general rules the judge of the superior court may devise to the approval of this court.

As a consequence of these views, it follows that the rule of the superior court could not be employed to authorize the default entered, and that the court erred in permitting the entry of it and in giving judgment upon it.

The judgment must be reversed and the default vacated, with costs of this court, the cause being open to be proceeded in according to law.

The other Justices concurred.