### LUDWICK *v.* KENT CIRCUIT JUDGE.

1. SPECIAL BAIL—SURETIES—JUSTIFICATION BY AFFIDAVIT—RULES OF COURT.

   3 Comp. Laws, § 10032 does not entitle a defendant arrested on a capias to be released from custody merely upon the justification of his sureties by affidavit without perfecting the bail according to the rules of court.

2. SAME.

   Where sureties of a defendant arrested on a capias justified by affidavit, the fact that the court had not, prior thereto, made any rule as to the perfection of special bail, did not entitle defendant to be discharged, under section 10032, 3 Comp. Laws, inasmuch as such a rule might be enacted before the expiration of the time limited for the taking of exceptions to bail, and also because the subsequent action of the court, in requiring the sureties to come in and justify, in effect established a rule that the approval by the court of the sureties was necessary to the perfection of the bail.

Mandamus by John J. Ludwick to compel Willis B. Perkins, circuit judge of Kent county, to grant an application for a discharge from custody. Submitted October 4, 1904. (Calendar No. 20,757.) Writ denied November 1, 1904.

*Adams & Ryan*, for relator.

*Thomas Sullivan* and *McKnight & McAllister*, for respondent.

CARPENTER, J.   Relator is in the custody of the sheriff of Kent county by virtue of a capias ad respondendum issued by the circuit court of that county.   He filed special bail required by section 10029, 3 Comp. Laws. The sureties thereon made the affidavit specified in section 10032, 3 Comp. Laws.   This affidavit was made without notice to the plaintiff or to his attorney before the deputy clerk of the court.   The deputy was not asked to determine, and did not determine, the sufficiency of the sureties.   These same persons who thus undertake to become special bail had been rejected as sureties upon a bond tendered the sheriff for the discharge of relator under section 10000, 3 Comp. Laws.   Relator, claiming that under these circumstances he was entitled to his liberty, applied to the court below for a writ of habeas corpus before the expiration of the time given plaintiff by section 10031, 3 Comp. Laws, to take exceptions to said bail.   On a hearing in that court opportunity was given relator to obtain his release by producing his sureties in court and proving their ability to justify.   Relator refused to produce them until exceptions (the time for taking which had not then expired) had been duly indorsed on said bond.   The trial court thereupon denied relator's application for a discharge.   He asks this court to issue a mandamus compelling the granting of that application.

Relator contends that, when the sureties on his bail bond made the affidavit heretofore referred to, that bond became effectual, and he was entitled to his discharge.   If he is correct in this contention, the plaintiff had no right to object to his sureties, and no official had a right to reject them.   A practice which thus permits sureties to be the final judges of their own qualifications will enable defendants sued by capias to be discharged without adequate security, and will thus defeat what we may presume to be

the object of the statute. Such a practice would be clearly distinguishable from the practice respecting sureties on replevin bonds, for those sureties are, in the first instance, approved by the officer executing the writ. See section 10657, 3 Comp. Laws. If the legislature intended to inaugurate such a practice, it may be presumed that it would clearly indicate that intent. It is contended that it has done so in section 10032, 3 Comp. Laws, which reads:

" Special bail may justify by affidavit, before any officer authorized to take a recognizance of special bail; and such affidavit shall set forth the township, or city, and county, in this State, in which the bail reside, and that they are severally worth the sum in which the defendant is held to bail, after all their debts are paid."

Our statute regulating the putting in of special bail has not been materially changed since the laws were revised in 1846. See chapter 98, Rev. Stat. 1846. Section 10032, 3 Comp. Laws, is section 5 of that chapter. That section, however, has an older history, which affords some aid in its construction. Our first statute ·regulating bail in civil cases was enacted by the governor and judges of the Territory November 13, 1820, and will be found in the Laws of Michigan of 1827, pp. 303–311. Section 15 of that law was the parent of section 5, Rev. Stat. 1846, chap. 98, and of section 10032, 3 Comp. Laws. It reads:

" That special bail may justify by affidavit in the court, where the action may be pending, or before one of the commissioners for taking bail, if such bail is pending in the Supreme Court, or before one of the justices of the county court, or a commissioner, if the action be pending in a county court, either in term time or in vacation; and such affidavit shall set forth, that the bail are residents in (mentioning the county), in this Territory, and that they are respectively worth so much within this Territory (mentioning the sum they are bail for), after all their debts are paid."

This section could not have received the construction contended for by relator, for section 11 requires notice of

justification of bail, and section 12 provides for "an order of allowance" when sureties justify.   The law of 1820 was materially changed when the statutes were revised in 1838. See title 2, chap. 2, Rev. Stat. 1838.   Section 5 of that chapter, which corresponds to section 15 of the Laws of 1820, reads substantially as does section 10032, 3 Comp. Laws.   That that section could not be construed as contended by relator, is proved by section 4, immediately preceding, which reads:

" Exceptions to special bail may be taken and filed within ten days after the expiration of the time limited for filing special bail, and the defendant shall perfect bail within ten days after notice given of such exceptions, to the defendant or his attorney, or to the sheriff or other officer, by whom, or by whose deputy, the original writ in the suit was served: *Provided,* that it shall be competent for the court having authority   *   *   *   to prescribe by general rules   *   *   *   when and in what manner bail shall be perfected."

We come now to a consideration of our present law, adopted, as before stated, in 1846.   The section in question (section 5, chap. 98, Rev. Stat. 1846; section 10032, 3 Comp. Laws) was copied almost verbatim from the former law.   Did the legislature, in taking this section from the old law, intend that it should receive a different construction ?   This seems somewhat improbable, but, if it did, we must look for evidence of that intent not in the language of the section itself, but in other parts of the statute. Nowhere in the statute is it stated that a defendant in custody on a writ of capias ad respondendum shall be discharged when his sureties justify by affidavit.   On the contrary, it is clearly made his duty by the preceding section (section 10031, 3 Comp. Laws) to perfect his bail. And such bail is ineffectual if he does not perfect it.   See sections 10033, 10036, and 10037, 3 Comp. Laws.

What is meant by a perfection of bail ?   This question is answered by sections 10000 and 10033, 3 Comp. Laws, which requires bail to be perfected "according to the rules and practice of the court."   Bail is not, therefore, per-

fected when the sureties justify by affidavit without notice and without allowance. And it results that the construction contended for by relator cannot be given to section 10032. I agree with the learned circuit judge that that section, properly construed, only prescribes the method of perpetuating the evidence of justification.

The statute clearly recognizes the right of the court to make rules regulating the manner of perfecting bail, and makes it the duty of the defendant to comply with such rules. This court has authority to make those rules (Const. art. 6, § 5), and in the event of its failure to act the circuit court has such authority (section 308, 1 Comp. Laws; *Wyandotte Rolling Mills Co.* v. *Robinson*, 34 Mich. 428).

This case must, however, be determined on the assumption that neither the Supreme Court nor the circuit court for the county of Kent ever exercised this authority. What effect has this on relator's rights? The omission of the court to adopt proper rules cannot deprive relator of his rights. Neither should that omission enlarge those rights to the prejudice of the plaintiff. I think there are two answers to the possible contention that such omission entitles relator to his discharge:

*First.* We are not at liberty to assume that the circuit court for the county of Kent, having full authority in the premises, may not adopt such rules before the expiration of the time given by statute for the perfection of special bail. That time had not expired, and would not for several days expire, when the proceedings were taken in the court below. If, before the expiration of that period, that court, by the adoption of general rules, should prescribe the manner of perfecting the special bail, it would be relator's duty to comply therewith.

*Second.* When it appeared on the hearing in the lower court that plaintiff objected to and proposed to except to the sureties as insufficient, and that they had once been rejected by the sheriff (which of itself has been held to be a sufficient objection; see 1 Burrill's Practice, p. 367), that

court thereupon notified relator, in effect, that he could not perfect his bail until it approved the sufficiency of the sureties.    This action at once prescribed and announced to plaintiff the manner in which he must perfect his bail. The manner was obviously proper (see 1 Tidd's Prac. 259–278; 1 Burrill's Prac. 366, 367), and the notice, as we have just seen, was timely.    Relator obtained in this manner all the rights to which he was entitled and all the rights which he would have obtained by a proper general rule.    I do not think he can complain because the court has not expressly stated—as it would had it put its direction in the form of a general rule—that the same just practice will be applied in future cases.

In denying that the statutes should be construed as contended by relator, I necessarily deny his contention that a defendant in custody can, by having his special bail justify, at once anticipate exceptions and obtain an immediate release.    Many days must ordinarily elapse before such bail will become effectual.    See section 10031, 3 Comp. Laws.    I do not think that this consequence furnishes a valid argument against the construction I contend for. An opportunity is afforded a defendant in custody on a capias to secure a speedy discharge by giving a bond to the sheriff conditioned upon putting in special bail.    See section 10000, 3 Comp. Laws.    The statutory proceedings for putting in special bail were not intended to be expeditious.    They were intended for defendants already at large under bonds to the sheriff.    If a defendant in custody resorts to those proceedings, he must accept the consequences of having voluntarily rejected an expeditious and accepted a dilatory method of securing his liberty.

In my judgment, the writ of mandamus should be denied.

The other Justices concurred.