LANDMAN v. CITY COMMISSION OF GRAND RAPIDS.

TAYLOR v. VAN WINGEN.

1. JUDGES—FILLING VACANCY IN JUDGESHIP OF SUPERIOR COURT OF GRAND RAPIDS—MUNICIPAL COURT OF RECORD.
   Superior court of Grand Rapids is "municipal court of record," and within statute providing for filling vacancy in office of judge at November election (1 Comp. Laws 1929, § 3368, as amended by Act No. 236, Pub. Acts 1931).

2. SAME—STATUTE APPLICABLE TO FILLING VACANCY.
   Statute providing that election to fill vacancy in office of judge of superior court of Grand Rapids shall be governed by rules applicable to filling vacancy in mayor's office is applicable

as to manner in which election should be conducted (nonpartisan) rather than as to time when it should be held. (3 Comp. Laws 1929, §§ 16340, 16343).

Mandamus by William J. Landman to compel the City Commission of Grand Rapids to call a special election to fill the office of judge of the superior court of Grand Rapids.

Mandamus by Thaddeus B. Taylor to compel Jacob Van Wingen, clerk of the city of Grand Rapids, to file nominating petition for the office of judge of the superior court of Grand Rapids.

Submitted June 21, 1932. (Calendar Nos. 36,662, 36,676.) Writ granted plaintiff Landman June 23, 1932.

*Fred P. Geib,* for plaintiff Landman.

*James T. McAllister, Joseph R. Gillard,* and *John M. Dunham,* for plaintiff Taylor.

*Dale Souter,* City Attorney, and *Robert S. Tubbs,* Deputy City Attorney, for defendants.

SHARPE, J. A vacancy having occurred in the office of judge of the superior court of the city of Grand Rapids, the governor, on May 7, 1932, appointed Arthur F. Shaw to fill the same and to serve until his successor should be elected and qualified.

The plaintiff, Landman, who desires to be a candidate for such office, requested the defendant city commission to call a special primary election and a special general election for the purpose of nominating and electing a successor to said Arthur F. Shaw "on the same date and at the same time as the fall

primary and general election for State offices,''
which request was denied.

The plaintiff, Taylor, presented a nominating peti-
tion as a candidate for such office to the city clerk for
filing, which was rejected by him. The action of
these officials was based upon the advice of the city
attorney, who found such confusion in the statutory
requirements relating to such elections that he felt
impelled to so recommend, and expressed the hope
that the question might be settled by judicial deci-
sion.

Petitions for mandamus in both cases were pre-
sented to this court and orders to show cause issued,
to which both defendants have made return.

The question thus presented is whether a successor
to Judge Shaw shall be elected at the general election
to be held in November, 1932, or at the city election in
April, 1933.

The superior court of the city of Grand Rapids
was created by Act No. 49, Pub. Acts 1875. The pro-
visions of this act, with some amendments not here
material, now appear in our statutes as sections
16339 to 16368, inclusive, 3 Comp. Laws 1929. It is
a court of record (*Attorney General, ex rel. Danhof,*
v. *Renihan,* 184 Mich. 272), with exclusive jurisdic-
tion in certain matters and concurrent jurisdiction
with the circuit court in other actions in which resi-
dents of the city are litigants. The city provides the
courtroom and the necessary equipment for the use
of the court and its clerk. It pays the salary of the
clerk and the bailiff of the court. It also pays a
salary to the judge in addition to that paid by the
State. It will thus be seen that, while the duties im-
posed on the court are in most respects similar to
those performed by circuit judges, it is to some ex-

tent supported by the city and regarded by it as a municipal court.

Act No. 199, Pub. Acts 1923 (1 Comp. Laws 1929, § 3365 *et seq.*), is entitled, ''An act to provide for the filling of vacancies in appointive and elective public offices.'' Section 4 of this act, as amended by Act No. 6, Pub. Acts 1927 (1 Comp. Laws 1929, § 3368), reads as follows:

''Whenever a vacancy shall occur in the office of a judge of a court of record, the governor shall fill such vacancy by appointment and the person appointed shall hold such office until his successor is elected and qualified. At the next general November election or biennial spring election held at least sixty days after such vacancy shall occur, a person shall be elected to fill such office and the person elected shall hold such office for the remainder of the unexpired term.''

Act No. 236, Pub. Acts 1931, added to this section the following:

''*Provided,* That whenever a vacancy shall occur in the office of a judge of any municipal court of record, the governor shall fill such vacancy by appointment and the person appointed shall hold such office until his successor is elected and qualified. At the next general November election held at least ninety days after such vacancy shall occur or biennial spring election or municipal election held at least sixty days after such vacancy shall occur, a person shall be elected to fill such office and the person elected shall hold such office for the remainder of the unexpired term.''

Section 2 of this act repealed all acts and parts of acts inconsistent therewith.

It cannot well be doubted that the superior court of Grand Rapids is a ''municipal court of record,''

and that this provision for filling a vacancy in the office of the judge of that court is applicable thereto and must be followed unless it appears that there is a special provision in some statute inconsistent therewith and not intended to be affected thereby.

Section 16340, above referred to, reads as follows:

"The provisions of law relative to holding elections of city officers in said city, canvassing the votes and making returns thereof so far as applicable, shall regulate and apply to elections of the judge of said court."

And section 16343:

"It shall be the duty of the common council of said city to cause an election to be held in said city to fill any vacancy in the office of the judge of said superior court, the same as is provided by the charter of said city in case of vacancies in the office of mayor thereof."

Section 2 of title 2 of the charter of the city provides for the election of certain city officers, and, among them, "one judge of the superior court of Grand Rapids." Other provisions of the charter require that such officers shall be elected at a nonpartisan election to be held on the first Monday in April in each year. The nomination of candidates therefor shall be held on the day fixed by law "for the nomination of candidates for county officers to be chosen at the spring election."

Section 4 of the act of 1923, as amended in 1931, clearly provides that the successor to Judge Shaw shall be elected at the November election in this year. The mayor of the city is to be elected at the spring election, and the provision in section 16343, in our opinion, should be construed as providing that the election now to be held should conform to the charter

provision as to the manner in which it shall be conducted (nonpartisan in its nature) rather than the time at which the same should be held.

This office was created by act of the legislature, and it has complete control over the time at which a successor to Judge Shaw shall be elected. It has spoken in no uncertain terms repealing all inconsistent provisions in other acts, and the provision therefor must be followed by the officers of the city.

It follows that a writ of mandamus will issue commanding the defendant city commission to cause a special primary election and a special general election to be held on the same date and at the same time as the fall primary and general election for State officers for the year 1932 for the purpose of electing a judge of the superior court of the city of Grand Rapids, as prayed for in the petition of the plaintiff Landman. The conclusion reached renders it unnecessary to pass upon the question presented in the Taylor petition. No costs will be allowed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.