NEW YORK COUNTY MEDICAL ASS'N v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. June, 1900.)

MEDICAL SOCIETIES—PHYSICIANS—REGISTRATION—FINES—RECOVERY.

Laws 1895, c. 398, § 153, providing that when any prosecution thereunder, for practicing medicine without lawful registration as a physician, is made on the complaint of any incorporated medical society of the state, or any county medical society entitled to representation in a state medical society, the fines collected shall be paid to the society making the complaint, applies generally to all incorporated medical societies, whether denominated "societies" or "associations"; and hence plaintiff, having secured the conviction of an offender, and being an incorporated medical association, is entitled to the fine recovered.

Action by the New York County Medical Association against the city of New York to recover a fine collected by defendant in the prosecution of one Tito, on complaint of plaintiff, for practicing medicine without being registered as a physician. Judgment for plaintiff.

James T. Lewis, for plaintiff.

John Whalen and C. W. Ridgway, for defendant.

Robert C. Taylor, for Medical Society of City of New York in opposition to recovery.

McADAM, J. Upon a complaint made by the plaintiff, one Tito was arrested January 29, 1899, for practicing medicine in the county of New York without lawful registration as a physician. Laws 1895, c. 398. Tito was convicted by the court of special sessions, and sentenced to pay a fine of $50 or be imprisoned. He paid the fine, and the money was deposited in the city treasury, whereupon the plaintiff demanded the amount of such fine from the defendant, under section 153 of chapter 398 of the Laws of 1895, which provides that "when any prosecution under this article is made on the complaint of any incorporated medical society of the state, or any county medical society entitled to representation in a state society, the fines, when collected, shall be paid to the society making the complaint," etc. The plaintiff has been, since 1890, a duly-incorporated society of the state of New York, entitled to representation in the New York State Medical Association, which was incorporated in 1884, and the state association is the accredited society in the national body of physicians known as the "American Medical Association." The plaintiff corporation meets all the requirements of the act of 1895, supra, and there seems to be no solid legal reason why it should be excluded from the benefit of its provisions. "Association" and "society" are convertible terms. The statute was not enacted for the benefit of any

particular corporation, but for "any incorporated medical society" entitled to representation in a state society. It was passed to protect the public from illegal medical practitioners, and, the more numerous the informers and rigid the prosecution, the better for the public and the medical profession. The defendant urges that the act was for the exclusive benefit of three societies,—the Medical, Homeopathic, and Eclectic, because they are named in certain prior acts, and possess certain rights which the plaintiff does not possess. If the legislature had so intended to limit the act of 1895 in regard to fines, it should have expressed that intent by language referring in some manner to said three societies, instead of using the word "any," which means an indefinite number or quantity. Words in common use, when found in a statute, are to be taken in their ordinary sense. If the words are free from ambiguity, and express clearly the intent of the framers, there is no occasion to resort to any other means of interpretation. Potter, Dwar. 193, note 12. The construction contended for by the defendant would not effectively carry out the provisions of the act in regard to prosecuting offenders, for this is more surely accomplished by the liberal construction now given to it. The plaintiff discovered the offender, and secured his conviction. The fine represents the fruit of its efforts, and there is no reason why it should not have the ransom. There must be judgment in favor of the plaintiff for $50.