WORLD'S DISPENSARY MEDICAL ASS'N v. PIERCE.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. TRADE-MARKS AND TRADE-NAMES (§ 75*)—FRAUDULENT USE OF WORDS IN TRADE-NAME.

The use by one not entitled to the prefix "Dr." of the prefix to his name, in connection with his remedies, is a fraud on the public, because the prefix indicates that he is a medical man, and that his remedies are compounded, or the formulas therefor originated, by a licensed physician.

[Ed. Note.—For 'other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 86; Dec. Dig. § 75.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 73*)—RIGHT TO USE NAME.

The right of one to use his own name in his own business, though he may thereby interfere with .and injure the business of another rightfully using the same, is subject to the limitation that he may not in such use resort to any means to induce the impression that his business is identical with the business of the other to mislead the public or induce the belief that his products are the same as those produced by the other.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. § 73.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 73*)—RIGHT TO USE NAME.

A corporation manufactured and sold proprietary medicines under the trade-name "Dr. Pierce," or "Dr. Pierce's," and represented that they were useful for specified diseases. It had as transferee of Dr. Pierce, a physician duly licensed, the right to use such name and designation of the remedies made and sold by it. Defendant, whose name was "Pierce," but who was not a licensed physician, manufactured and sold preparations under different names, each of which contained as a prominent part thereof "Dr. Pierce," "Dr. Pierce's," or "Pierce's." These preparations were represented as useful remedies for the specified diseases. Held, that the acts of defendant were calculated to deceive an ordinarily careful purchaser by inducing a belief that the preparations were the products of the corporation, entitling it to an injunction to restrain ·defendant from put-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ting up any proprietary remedies under any of the various names "Dr. Pierce," "Dr. Pierce's," or "Pierce's."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. § 73.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 97*)—INFRINGEMENT—JUDGMENT.

A judgment enjoining one not entitled to the use of the prefix "Dr." from manufacturing or selling any proprietary remedies under his name with the prefix "Dr." and from using his name in his business in such a manner as to mislead does not interfere with his right to honestly use his name in an honest business.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 97.*]

Appeal from Equity Term, Erie County.

Action by the World's Dispensary Medical Association against Robert J. Pierce. From a judgment enjoining defendant from putting up, advertising, or offering for sale any proprietary remedies under any of the various names therein specifically designated, and from using the name of "Pierce" or "Pierce's" in his business, or in connection therewith, so as to mislead or deceive, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ..

David M. Dean, for appellant.

Joseph H. Morey (Morey, Bosley & Morey, of counsel), for respondent.

ROBSON, J.   This case has already been before us on defendant's appeal from an order granting a preliminary injunction.   Most of the points upon which appellant now relies as grounds for reversal of this final judgment were presented and considered on the former appeal. and were then held insufficient to warrant a reversal of the order.

Plaintiff is a domestic stock corporation, and has been for many years engaged in the manufacture and sale of certain proprietary remedies. which have been extensively advertised and sold under the trade-name of "Dr. Pierce" or "Dr. Pierce's" in connection with, and as a part of, the particular name of the remedy.   Some of these proprietary remedies are intended to serve the medical needs of those suffering from diseases or infirmities, which may be broadly designated as disorders, or derangements, of the sexual organs, or functions, of females.   The names "Pierce" and "Dr. Pierce" have, by reason of their use by plaintiff, come to be generally recognized by the public as referring to, and designating, plaintiff's business and its remedies.   It has as transferee of Dr. Ray V. Pierce, a physician duly licensed, the right and authority to use such name and designation of the remedies made and sold by it.

Defendant's name is Robert J. Pierce.   He has put upon the market and sold certain preparations under different names each of which contains as a prominent part thereof "Dr. Pierce," "Dr. Pierce's," or "Pierce's."   These preparations are represented to the public as useful remedies for designated female troubles.   They are compounded,

as is also represented, of ingredients popularly understood to be efficient in producing abortions. The court has found that defendant's use of the names "Dr. Pierce," "Dr. Pierce's," and "Pierce's" in that manner as a part of the names of defendant's medicinal preparations "will, if continued, create confusion between the defendant's business and the plaintiff's business, and between the defendant's remedies and the plaintiff's remedies, and that thereby the plaintiff will be greatly hindered, annoyed and unlawfully interfered with in its said business to the diminution of its business and profits." It should be observed that there is no direct evidence that plaintiff's business has yet been injuriously affected, or confusion created, by the advertisement and sale of defendant's remedies. This finding must rest, therefore, upon the fact that the use by defendant of these names is on its face calculated to unfairly and unlawfully prejudice plaintiff's business in the manner found by the court. Defendant is not a physician, and is in no way otherwise entitled to use the prefix "Dr." to indicate that he is a medical man, and that his remedies are compounded, or the formulas therefor, originated, by a licensed physician. It follows that the use of this prefix to his name in connection with his remedial product is a fraud upon the public. He has, of course, as his counsel insists, the right to use his name in his own business, even though he may thereby interfere with and injure the business of another rightfully using the same, or a similar, name; but this right is always subject to the limitation that he does not in such use resort to any artifice, or contrivance, to induce the belief or impression that his business is identical with the other's, or do anything calculated to mislead the public, or induce the belief that his products proceed from, or, perhaps, are the same as those produced by, the other. Defendant's use of the prefix "Dr." was fraudulent. It was also calculated to induce the belief that his remedies were made by plaintiff, which alone had become generally known as engaged in the manufacture and sale of remedies entitled to the designation of "Dr. Pierce's." His use of the designation "Pierce's" as applied to his other products was in like manner, as appears by comparison of his trade labels and advertisements with those long used by plaintiff on its products, calculated to deceive the ordinarily intelligent and careful purchaser by inducing a belief that these were also products of plaintiff's manufacture. The simple principle upon which the right of plaintiff to this injunction depends is that defendant has been, and threatens to continue, exploiting his goods under the name of "Pierce" or "Dr. Pierce" in such a way that the public would, or might, naturally, if not inevitably, be led to believe that his goods are those of the plaintiff, or of its manufacture. If he is permitted to continue this practice, fraud upon the public and special injury to the plaintiff necessarily result.

This extract from the opinion of Bradley, J., in Koehler et al. v. Sanders et al., 122 N. Y. 65, 74, 25 N. E. 235, 237 (9 L. R. A. 576), thus states the principle upon which this injunction may properly rest:

"The use by one person of his name as a trade-mark would not deny to another having the same name the right to use his in good faith for such purpose in a similar business, or to mark similar vendible articles. And there are cases where the right to use a name to designate a product is so

qualifiedly exclusive that the right to the protection of its use against infringement by others rests upon the ground that such use by them is an untrue or deceptive representation. * * * The application of this principle is not necessarily dependent upon a proprietary right in a name or the exclusive right to its use. But when another resorts to the use of it fraudulently as an artifice or contrivance to represent his goods or his business as that of the person so previously using it, and to induce the public to so believe, the court may, as against him, afford relief to the party injured." Meyer v. Dr. B. L. Bull Vegetable Medicine Co., 58 Fed. 884, 7 C. C. A. 558.

Appellant also insists that, in any event, the judgment should be modified by adding to the restraining clause thereof the statement "but nothing herein is to be construed or interpreted as preventing the defendant from using his own name in his advertisements, signs or placards," or a statement of similar import. The judgment does not in its present form seem in any way to interfere with appellant's right to honestly use his own name in an honest business; and it is not apparent that the modification suggested is necessary to assure him the right to do that which he may legally do.

The other points presented by appellant as grounds for reversal of the judgment were fully considered on the former appeal, and do not now require review.

The judgment should be affirmed, with costs. All concur.