## HABERLIN v. ENGLEHARDT.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

PHYSICIANS AND SURGEONS ⚽5(1)—AUTHORITY TO PRACTICE—COMMISSIONED OFFICER.

Under Public Health Law (Consol. Laws, c. 45) § 161, forbidding the practice of medicine without license and registration, and section 173, providing that the law shall not affect commissioned medical officers serving in the United States Army while so commissioned, and Act Cong. April 23, 1908, c. 150, § 7, 35 Stat. 68, authorizing the President to issue commissions as first lieutenant to such graduates of reputable schools of medicine as shall upon examination be found qualified to hold the commission, the persons so commissioned to constitute and be known as the Medical Reserve Corps, and the commissions so given shall confer on the holders all the rights of commissioned officers in medical corps of the United States Army, except promotions, but only when called into active duty and during such duty, a physician commissioned, but not called into active duty, is not within the saving provisions of Public Health Law, § 173.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 5; Dec. Dig. ⚽5(1).]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by James H. Haberlin against Paul W. Englehardt. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed on the merits.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Henry J. Goldsmith and Frederick E. Goldsmith, both of New York City, for appellant.

Thomas J. Blake, of New York City, for respondent.

DELEHANTY, J. This action is to recover for medical services rendered by plaintiff to defendant. The amended complaint alleges that plaintiff, a physician, was duly commissioned as a first lieutenant in the Medical Reserve Corps of the United States Army, appointed by the President of the United States on March 25, 1915, pursuant to an act of Congress of the United States of America, designated as Act April 23, 1908, c. 150, 35 Stat. 66, and is still so commissioned. It is admitted that he was never registered to practice medicine in this state, nor authorized to practice medicine under the Public Health Law of the state. The only question litigated was whether, under the saving clause of the Public Health Law, plaintiff by virtue of his commission as a first lieutenant in the Medical Reserve Corps of the United States Army was entitled to practice medicine generally in this state. That issue was resolved in his favor by the learned trial justice.

The question presented is a new one so far as I have been advised or been able to discover from an examination of the authorities, but not a difficult one to determine when the statutes pertaining thereto

are analyzed. Section 161 of the Public Health Law as far as applicable provides that:

"No person shall practice medicine, unless registered and legally authorized prior to September 1, 1891, or unless licensed by the regents and registered under article 8 of chapter 661 of the Laws of 1893, and acts amendatory thereto, or unless licensed by the regents and registered as required by this article. * * * "

Section 173 of the same law provides:

"This article shall not be construed to affect commissioned medical officers serving in the United States Army, Navy or Marine Hospital Service, while so commissioned."

By reference to section 7 of the act of Congress which created the Medical Reserve Corps (Act April 23, 1908, c. 150) it will be observed it is provided:

"That for the purpose of securing a reserve corps of medical officers available for military service, the President of the United States is authorized to issue commissions as first lieutenants therein to such graduates of reputable schools of medicine, citizens of the United States, as shall from time to time, upon examination to be prescribed by the Secretary of War, be found physically, mentally, and morally qualified to hold such commissions, the persons so commissioned to constitute and be known as the Medical Reserve Corps. The commissions so given shall confer upon the holders all the authority, rights, and privileges of commissioned officers of the like grade in the Medical Corps of the United States Army, except promotions, but only when called into active duty, as hereinafter provided, and during the period of such active duty."

What was the intent of Congress in the enactment of that statute? Is it not clearly apparent from a reading of the context thereof that the object was the creation by appointment of a body of medical doctors eligible for the Medical Corps of the United States Army in the event of emergency, but who in the meantime, unless promoted to the Medical Corps, are to be their own masters so far as their individual time and labor are concerned? If this is not so, then why was this language used in the statute:

"The commissions so given shall confer upon the holders all the authority, rights and privileges of commissioned officers of the like grade in the Medical Corps of the United States Army, except promotions, *but only when called into active duty*, as hereinafter provided, *and during the period of such active duty*," etc. (Italics mine.)

Giving to this statute a liberal construction, I am of the opinion that plaintiff's duties as a medical officer do not begin, unless promoted to the Medical Corps, until called into active duty by the government, and that he is not serving in the United States Army until so called into active duty. If correct in my views, then clearly plaintiff fails to bring himself within the provisions of the saving clause of the Public Health Law, which calls for a reversal of the judgment herein, and a dismissal of the complaint on the merits.

Judgment reversed, with $30 costs, and complaint dismissed upon the merits, with appropriate costs in the court below. All concur.