view and determine the plaintiff should recover, it can reverse and reinstate the verdict without necessitating a new trial.

We think the verdict should be set aside and the plaintiff's complaint dismissed.

Ordered accordingly.

---

THE PEOPLE OF THE STATE OF NEW YORK *v.* GEORGE M. DEVINNY, Defendant.

(County Court, Albany County, January, 1919.)

Indictments — demurrer to indictment — charging crime of practicing medicine without being registered — Public Health Law, § 173.

An indictment charging defendant with the crime of practicing medicine without being registered need not negative the exceptions contained in section 173 of the Public Health Law.

DEMURRER to indictment.

H. D. Alexander, district attorney, and John J. Conway, assistant district attorney, for People.

Andrew J. Nellis, for defendant.

ADDINGTON, J. The defendant was indicted at the October, 1918, term of the Supreme Court, for the crime of practicing medicine without being registered, etc., it being alleged that on May 27, 1918, and for a considerable time immediately prior thereto, at Albany, in this county, he unlawfully practiced medicine. The indictment was duly transferred to the Albany County Court.

The defendant demurs to the indictment on the grounds:

*First.* That it does not state the facts constituting the crime; and,

*Second.* That it does not negative the exceptions contained in section 173 of article VIII of the Public Health Law, entitled " Practice of Medicine."

The defendant is not charged with any specific act, but with the practice of medicine.

The court, in the case of *People* v. *Firth,* 157 App. Div. 492 (at page 493), says: " It is a practice, not an act as distinguished therefrom, with which defendant is charged, and which the statute forbids. Practice results from a series of acts." See also *Fox* v. *Smith,* 197 N. Y. 527, revg. 123 App. Div. 369, on the dissenting opinion of Clarke, J. In the *Firth* case the court further says: "As was said by the Supreme Court of Tennessee, in *Payne* v. *State* (*supra*): ' " Practicing " in respect of the subject in connection with which it is used, indicates the pursuit of a business.' The specific acts resulting in a practice may or may not be unlawful in themselves. If they are unlawful, the offender may be prosecuted or punished separately therefor." The court, in the case of *People* v. *Ellis,* 162 App. Div. 288 (at p. 290), says: " The different acts going to establish the unlawful practice need not be more particularly set forth in the information, as they simply made up one continuous offense."

These cases are decisive of the first point raised by the defendant.

Section 160 of article VII, entitled " Practice of Medicine," of the Public Health Law, defines the meaning of the words used in the article. Subdivision 7 of said section says: " Practice of medicine is defined as follows: A person practices medicine within the meaning of this article, except as hereinafter stated, who holds himself out as being able to diagnose, treat," etc. There are a number of exceptions contained in section 173 of said article.

It is claimed by the defendant that the indictment

is invalid in that it does not negative all these excep-
tions, which are referred to in the definition of the
practice of medicine as defined in said article. There
is a technical distinction made in various decisions
between the words " exception " and " proviso." The
defendant claims that the exceptions contained in said
section 173, have the same force and effect as if they
were incorporated in subdivision 7 of section 160, and
that therefore it was incumbent upon the people to
negative said exceptions. The rule seems to be that
in the case of exceptions in the enacting clause, the
same must be negatived in an indictment, but when
they are in the nature of provisos it is a matter of
defense and need not be pleaded.

It is said in *Rowell* v. *Janvrin*, 151 N. Y. 60 (at
p. 67) : "An exception exempts something absolutely
from the operation of a statute by express words in
the enacting clause; a proviso defeats its operation
conditionally. An exception takes out of the statute
something that otherwise would be part of the subject-
matter of it; a proviso avoids them by way of
defeasance or excuse."

In the case of *Harris* v. *White,* 81 N. Y. 532 (at
p. 546), the court says: " Where an exception is incor-
porated in the body of the clause of the statute, he who
pleads the clause ought to plead the exception. But
when there is a clause for the benefit of the pleader,
and afterward follows a *proviso* which is against him,
he may plead the clause, and leave it to his adversary
to show the *proviso.* When the offense is brought
within the enacting clause, and the justification comes
in by way of *proviso* or exception, in the first case it
is matter of defense to be shown by the defendant; in
the other case the exception must be negatived." In
this case the court further says (at p. 547) : " Where
one party charges another with a culpable omission

or breach of duty, he who makes the charge must prove it, though it involves a negative. There is an exception to this, when the subject-matter of the negative and the means of proof thereof are peculiarly within the knowledge and power of him who claims to be within it; as is the case of a violation of the excise laws.''

As was said by Judge Cullen, in the case of *People* v. *Stedeker,* 175 N. Y. 57 (at p. 67), the distinctions on the subject of negativing exceptions while '' vague and shadowy '' are important. This subject is very thoroughly discussed by the Court of Appeals in the *Stedeker* case, and several cases are therein cited and quoted. On this point the people rely on the case of *Fleming* v. *People,* 27 N. Y. 329. This case has been distinguished and cited with approval in many cases, and the rule cited in that case has been upheld. While the distinctions are not clear, and as Judge Cullen says, '' vague and shadowy,'' the *Fleming Case, supra,* seems to be on all fours with the case at issue. In the *Fleming* case the indictment was for bigamy, and in defining the crime exceptions were made, but were incorporated in the section following the one stating the crime. The same is true in this case. Subdivision 7 of section 160 defines the meaning of the practice of medicine and makes exceptions which are incorporated in the later section of the same law, namely, 173. The court in the *Fleming* case held that the clause in the section referred to was in the nature of a proviso instead of an exception, and that it was incumbent upon the defendant, if he so desired, to prove the circumstances which took his case without the statute.

For the reasons stated the demurrer is overruled.

Demurrer overruled.