HARRINGTON *v.* INTER-STATE BUSINESS MEN'S ACCIDENT ASS'N.

1. CONTRACTS—CONSTRUCTION—UNAMBIGUOUS CONTRACT NOT OPEN TO CONSTRUCTION.

Contracts which are clear and unambiguous in their terms are not open to construction by the courts, but it is the duty of the latter to enforce them as made.

2. INSURANCE—ACCIDENT INSURANCE — UNAMBIGUOUS POLICY NOT OPEN TO CONSTRUCTION.

A provision in an accident policy limiting the liability of the insurer to $500 if the loss be caused by "asphyxiation by any kind of gas," *held,* to be clear and unequivocal, and

On liability of insurance company for death of insured from asphyxiation, see notes in 30 L. R. A. 212, 2 L. R. A. (N. S.) 168 and L. R. A. 1917D, 740.

not open to the construction that the word "gas" as commonly understood meant illuminating and fuel gas and should be so limited in the construction of the policy.

3. SAME—EVIDENCE—ADMISSIBILITY.
   Evidence tending to show that insured was asphyxiated by gases arising from the burning of material in a theatre building, in which he lost his life, *held*, admissible.

4. APPEAL AND ERROR—ENTERING JUDGMENT ON ADMISSIONS.
   This court will not enter a judgment for $500 and interest, on the statement of the trial judge that it was admitted that deceased lost his life through suffocation by gas from an accidental fire, where it does not appear whether this admission was made by plaintiff, defendant, or both, but will send the case back for new trial, although if such admission was made on behalf of plaintiff it would be binding on another trial.

Error to Houghton; O'Brien (Patrick H.), J. Submitted April 9, 1920. (Docket No. 40.) Decided June 7, 1920.

Assumpsit by Dañiel C. Harrington, administrator of the estate of John C. Vogel, deceased, against the Inter-State Business Men's Accident Association on a policy of insurance. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Galbraith & McCormack* and *Robert M. Haines* (*Dunshee, Haines & Brody,* of counsel), for appellant.

*Rees, Robinson & Petermann* (*Leslie C. McClelland,* of counsel), for appellee.

FELLOWS, J. July 29, 1916, defendant issued a policy of accident insurance to one John C. Vogel of Calumet. The policy was for $5,000 with certain limitations, among them being:

"The insurance provided for loss by accidental means shall be reduced and the liability of the association shall not exceed: * * * (2) Five Hundred

Dollars ($500.00) if the loss be caused by   *   *   *
(b) asphyxiation by any kind of gas;"   *   *   *

Mr. Vogel met his death May 8, 1917. The testimony discloses that he was then operating a theatre, in which he had a sleeping room where he not infrequently took an afternoon nap. On the day in question and while he was sleeping the theatre took fire. An employee sought to arouse Mr. Vogel sufficiently to get him out of the building but did not succeed. The employee who was called as a witness says that there was dense, heavy smoke in the room and when he tried to waken him he noticed the smell of gas. When Mr. Vogel was finally removed from the building life was extinct. This action was brought to recover on the policy and as submitted to this court but one question is involved. Defendant here concedes its liability to the extent of $500 but denies its liability beyond this amount. Upon the trial defendant, after the introduction of some preliminary testimony from an expert witness, made the following offer of proof:

"The defendant offers to prove by the witness now upon the stand and other expert witnesses, that the death of plaintiff's decedent was produced by asphyxiation caused by the inhalation of carbon dioxide and carbon monoxide, two gases, the product of combustion occurring in the fire in the theatre on May 8, 1917.
*   *   *   and other gases, the products of the combustion on account of the fire in the building on May 8, 1917."

Upon objection being made to this line of proof, after hearing argument, the court made the following ruling:

"The court will sustain an objection to that testimony on the ground that in the court's opinion the words 'asphyxiation by any kind of gas' used in the policy by way of limitation to reduce the recovery to five hundred dollars applies to only such gases as are commonly understood and referred to in common par-

lance and not to such gases as arise incidentally from an accidental fire, and the court therefore withdraws said issue from the jury."

A verdict was directed for $5,440, the full amount claimed, and a motion for a new trial was denied.

The learned trial judge in reaching the conclusion he did proceeded on the theory that the contract was open to construction; having been prepared by the insurer, should be most strongly construed against it; that the word "gas" as commonly understood meant illuminating and fuel gas, and in the construction of this contract should be so limited.

The rules of law applicable to the construction of contracts were well understood by the trial judge. But contracts which are unambiguous, which are clear in their terms, are not open to construction. It is the province of the courts to enforce contracts, not to make them for the parties, and it is fundamental that if contracts are clear and unambiguous in their terms they must be enforced as written—there is nothing to construe. The language used in this contract is clear and unequivocal; it is in no way limited or modified by the context. The words "asphyxiation by any kind of gas" are unambiguous and the word "any" has a well defined meaning not only to the laity but also to the courts. This court has on at least two occasions considered it. In *Hopkins* v. *Sanders*, 172 Mich. 227, where the word "any" was found in an act, this court, speaking through Justice STEERE and having reference to the act, said:

"In broad language it covers 'any final decree' in 'any suit at law or in chancery' in 'any circuit court.' 'Any' means 'every,' 'each one of all,' "   *   *   *

And Mr. Justice STONE, speaking for the court in *Attorney General* v. *Renihan*, 184 Mich. 272, said:

"The language of section 20 is very plain, and ought to be easily understood. It could not be made plainer

that the governor shall fill a vacancy occurring in the office of judge of any court of record. *Any* court of record means *every* court of record. The language is unlimited in its scope."

A multitude of authorities to the same effect might be cited, among them see *People* v. *Casualty Co.,* 153 Ill. 25 (38 N. E. 752, 26 L. R. A. 295) ; *New York County Medical Ass'n* v. *City of New York,* 65 N. Y. Supp. 531; *Rogers* v. *Brown,* 20 N. J. Law, 119; *Johnson* v. *Southern Pacific Co.,* 196 U. S. 1 (25 Sup. Ct. Rep. 158) ; 1 Words and Phrases, p. 412 *et seq.* We are not here dealing with this word when used in connection with the same kind or species so that the doctrine *ejusdem generis* has no application.

The defendant sought to show asphyxiation by a kind of gas or by kinds of gases, those arising from the burning of the material which made up the theatre —wood, curtains, tar paper and the like—for the purpose of limiting the amount of the recovery to the sum of $500. This should have been permitted. If deceased was asphyxiated by any kind of gas defendant's liability was limited to the sum of $500 by the plain, unequivocal and unambiguous terms of the contract. The trial judge was in error in declining to receive this testimony and in withdrawing this question from the jury.

We repeat and emphasize what was said by this court in the case of *Drinan* v. *Casualty Co.,* 207 Mich. 677:

"It is unfortunately true that many so-called accident policies, filled with such restrictions and limitations as to make it impossible to recover thereon in many cases of accident, are allowed to be sold in this State. The remedy for this, however, lies with the legislature and not with the courts, whose duty it is to enforce the contracts as they are made by the parties thereto if the contracts are such as can be legally entered into."

We do not discuss or consider whether the question of proximate cause argued in plaintiff's brief is available or applicable. By the ruling of the trial judge the appellant was foreclosed from making its defense. What the testimony will disclose we, of course, do not know. Likewise we must decline the suggestion of defendant's counsel made at the argument that the judgment be reduced to the sum of $500 and interest, and affirmed at that amount. While the trial judge stated in his opinion:

"It was admitted that the deceased lost his life through suffocation by gas from an accidental fire,"

—he did not state whether this admission was made by the plaintiff, the defendant, or both. Manifestly, if such admission was made on behalf of the plaintiff, it would bind him on another trial: *Connor* v. *Railway Co.*, 168 Mich. 29; *Johnston* v. *Cornelius*, 200 Mich. 209 (L. R. A. 1918D, 880), but upon the record before us we do not feel justified in doing otherwise than entering a judgment reversing the case and sending it back for a new trial.

It is so ordered. Defendant will recover costs of this court.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.