*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAUGATUCK DUNES COASTAL ALLIANCE,

        Plaintiff-Appellant,

v

DEPARTMENT OF ENVIRONMENT, GREAT
LAKES, AND ENERGY,

        Defendant-Appellee.

FOR PUBLICATION
July 09, 2025
9:12 AM

No. 367989
Ingham Circuit Court
LC No. 22-000555-AA

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

Appellant, Saugatuck Dunes Coastal Alliance, appeals by leave granted[1] the circuit court's order affirming the dismissal of appellant's petition by the administrative law judge (ALJ) due to lack of subject-matter jurisdiction. Appellant requested a hearing before the ALJ due in part to certain actions or inactions taken by appellee, the Department of Environment, Great Lakes, and Energy (EGLE), with respect to the construction of an inland lake and the impact of the lake's construction on nearby wetlands. Inland lakes are regulated by Part 301, MCL 324.3101 *et seq.*, of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*, and wetlands are regulated by Part 303, MCL 324.30301 *et seq.*, of the NREPA. Appellant contends that it was entitled to a hearing on its petition pursuant to MCL 324.30110(2) (a section of Part 301) and MCL 324.30319(2) (a section of Part 303). The ALJ disagreed, holding that it lacked subject-matter jurisdiction to hear appellant's petition because it could only hear a petition related to Parts 301 and 303 if a permit application had been submitted under those parts, and no such permit application had been filed in this case. Appellant appealed to the circuit court, which affirmed, agreeing with the ALJ that appellant could only invoke MCL 324.30110(2) and MCL 324.30319(2) if a permit application had been filed.

---

[1] *Saugatuck Dunes Coastal Alliance v Dep't of Environment, Great Lakes, and Energy*, ___ Mich ___, ___ (2024) (Docket No. 166960).

On appeal in this Court, appellant contends that the ALJ and the circuit court erred by adding a requirement to the texts of MCL 324.30110(2) and MCL 324.30319(2); it contends that both statutes state that a person "aggrieved by any action or inaction of the department" may "request a formal hearing on the matter involved," and do not say that the action or inaction must relate to a permit application. We agree—the statutes plainly do not say anything about a permit application, so the ALJ and circuit court erred by adding that requirement to the statutes. MCL 324.30110(2) and MCL 324.30319(2) both simply state that a person aggrieved by an action or inaction of the department may request a hearing. These statutes therefore granted the ALJ subject-matter jurisdiction to hear appellant's petition to the extent that the petition involved matters related to Parts 301 and 303. We accordingly reverse and remand for further proceedings.

## I. BACKGROUND

The pertinent underlying facts appear largely uncontested. Chad and Jenny Van Horn own a 60-acre lot in Saugatuck, Michigan. In 2020, the Van Horns completed construction of an artificial body of water on their property that had a surface area of roughly 7 acres. Constructing a lake with a surface area over 5 acres requires a permit from the EGLE,[2] but the Van Horns failed to obtain such a permit. The Van Horns had to excavate large amounts of sand in order to construct their lake, and to remove that sand, the Van Horns needed another permit from the EGLE,[3] which they also failed to obtain.

To rectify the deficiency with their sand removal, the Van Horns applied for and were granted a sand-dune-mining permit. The EGLE issued the permit to the Van Horns on April 14, 2022. On April 15, 2022, the EGLE sent the Van Horns a letter informing them that they violated Part 301 of the NREPA by constructing a lake "greater than 5 acres in size" without a permit, but the EGLE determined that "restoration of the site would not be required, and no additional action is required from [the Van Horns] at this time."

On May 12, 2022, appellants filed a petition for a contested case hearing with the EGLE. The petition sought a contested case hearing with respect to, among other things, the EGLE's decision to not require a Part 301 permit or take other action with respect to the Van Horn's lake, and the EGLE's allowing the alteration of "the hydrogeology of the area to [the Van Horns'] neighbors' detriment" without following certain statutorily-required processes.

---

[2] MCL 324.30102(1)(d) prohibits a person from creating an inland lake without first obtaining a permit, and MCL 324.30101(i) defines "inland lake," but excludes from its definition a lake or pond that has a surface area of less than 5 acres.

[3] MCL 3234.63704(1) states, "A person shall not engage in sand dune mining within Great Lakes sand dune areas except as authorized by a permit issued by the department . . . ." MCL 324.63701(k) defines "sand dune mining" as "the removal of sand from sand dune areas for commercial or industrial purposes, or both." MCL 324.63701(h) defines "Great Lakes," and Subsection (k) defines "sand dune area," but it appears uncontested that the Van Horns' property is within a "Great Lakes sand dunes area" and thus subject to MCL 3234.63704(1).

On June 15, 2022, the ALJ sua sponte issued a show cause order for why appellant's petition should not be dismissed due to lack of jurisdiction. Appellant responded that it was entitled to a hearing under Parts 301 and 303 of the NREPA because it was aggrieved by actions or inactions that the EGLE took with respect to those parts—namely, the EGLE's inaction with respect to the Van Horns' construction of a regulated inland lake without a permit and the harm to neighboring wetlands that purportedly resulted from that construction.

On August 2, 2022, the ALJ ruled that it lacked subject-matter jurisdiction over appellant's petition and accordingly dismissed the petition. The ALJ determined that it could only review an application for a permit under Parts 301 and 303, and "[b]ecause [appellant] has filed no permit applications under Part 301 and/or 303, the predicates for a contested case is missing." The ALJ also characterized the relief that appellant was seeking as the enforcement of Parts 301 and 303, and the ALJ stated that it had "no jurisdiction over the enforcement provisions" because it could not issue a declaratory ruling. For these reasons, the ALJ concluded that it "lack[ed] subject matter jurisdiction" over appellant's petition.

Appellant appealed to the circuit court. After receiving briefing from the parties, the circuit court affirmed. The circuit court interpreted the question before it as "whether [appellant] constitutes an aggrieved party for the purposes of" MCL 324.30110(2) and MCL 324.30319(2), and concluded that it did not. The court's reasons for this conclusion were the same as the ALJ's reasons for dismissing appellant's petition—the court believed that the ALJ only had jurisdiction over "a final agency decision on an application," and because "[t]here was no application filed in this case," MCL 324.30110(2) and MCL 324.30319(2) were "inapplicable."

This appeal followed.

## II. STANDARD OF REVIEW

Questions about an administrative agency's "jurisdiction is one of law," reviewed de novo. *Detroit Pub Sch v Conn*, 308 Mich App 234, 241; 863 NW2d 373 (2014). See also *Wayne Co v AFSCME Local 3317*, 325 Mich App 614, 633; 928 NW2d 709 (2018) ("This Court reviews de novo issues concerning subject-matter jurisdiction."). "Because an administrative agency has only the power that the Legislature has conferred on it, the issue becomes one of statutory construction, which is also reviewed de novo." *Detroit Pub Sch*, 308 Mich App at 241 (citation omitted).

## III. ANALYSIS

Appellant argues that the ALJ erred when it concluded that it lacked subject-matter jurisdiction over appellant's petition. We agree.

Appellant contends that two statutes granted the ALJ subject-matter jurisdiction over appellant's petition—MCL 324.30110(2) and MCL 324.30319(2). Subsection (2) of MCL 324.30110, which is a section of Part 301, provides:

> If a person is aggrieved by any action or inaction of the department, he or she may request a formal hearing on the matter involved. The hearing shall be conducted by the commission in accordance with the provisions for contested cases in the administrative procedures act of 1969[.] [MCL 324.30110(2).]

Subsection (2) of MCL 324.30319, which is a section of Part 303, similarly provides:

> If a person is aggrieved by any action or inaction of the department, the person may request a formal hearing on the matter involved. The hearing shall be conducted by the department[4] pursuant to the administrative procedures act of 1969[.] [MCL 324.30319(2).]

The ALJ ruled that appellant could not invoke these subsections because it "filed no permit applications under Parts 301 and/or 303," which the ALJ believed was "one of the predicates" necessary to commence a hearing under MCL 324.30110(2) and MCL 324.30319(2). The circuit court agreed, reasoning that the provisions of Parts 301 and 303 "invoking administration [sic] hearings . . . are inapplicable" because "[t]here was no application filed in this case."

The overarching question before this Court is therefore whether MCL 324.30110(2) and MCL 324.30319(2) can only be invoked if an application for a permit under Part 301 or Part 303 is at issue. To answer this question, this Court must interpret the statutes.

The goal of statutory interpretation is to give effect to the Legislature's intent. *Farris v McKaig*, 324 Mich App 349, 353; 920 NW2d 377 (2018). The best evidence of the Legislature's intent is the language of the statute, and when that language is clear and unambiguous, the statute must be enforced as written. *Bronson Health Care Group, Inc v Esurance Prop & Cas Ins Co*, 348 Mich App 428, 439; 19 NW3d 151 (2023). It follows that "[c]ourts can't add requirements to the text of the statute." *Lakeshore Group v Dep't of Environmental Quality*, 507 Mich 52, 66; 968 NW2d 251 (2021). While an agency's interpretation of a statute is entitled to respectful consideration, that interpretation is nonbinding and cannot "conflict with the Legislature's intent as expressed in the statutory language." *Wayne Co*, 325 Mich App at 634.

We agree with appellant that the statutory language at issue is clear, and neither MCL 324.30110(2) nor MCL 324.30319(2) require that a permit application be filed before either statute can be invoked. Both statutes state that a person "aggrieved by any action or inaction of the department . . . may request a formal hearing on the matter involved." MCL 324.30110(2); MCL 324.30319(2). The language "*any* action or inaction of the department" is broad, see *Harrington v Interstate Bus Men's Acc Ass'n of Des Moines, Iowa*, 210 Mich 327, 330; 178 NW 19 (1920), and nothing about the statutes' language suggests that the statutes only apply when the department acts or fails to act with respect to a permit application.

This conclusion is reinforced by the fact that, as appellant rightly notes, other sections in different parts of the NREPA explicitly limit contested case proceedings to actions that the department takes with respect to a permit or an application for a permit. See, e.g., MCL

---

[4] We acknowledge that MCL 324.30110(2) refers to a hearing conducted by "the commission" while MCL 324.30319(2) refers to a hearing conducted by "the department," but neither party contends that this difference has any significance to the issue presented in this appeal.

324.32723(12)[5]; MCL 324.3113(3).[6] Perhaps more convincingly, a different section of Part 303 itself explicitly addresses the procedure for appealing the department's action on a permit application under Part 303. See MCL 324.30307(2) ("The action taken by the department on a permit application under this part or part 13 may be appealed pursuant to the administrative procedures act of 1969[.]"). Because MCL 324.30319(2) is also in Part 303 of the NREPA but uses different language, MCL 324.30319(2)'s use of the broader phrase "any action or inaction of the department" suggests that it is not limited to the department's action or inaction on a permit application. See *Brightmoore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 170; 975 NW2d 52 (2021) ("The act's use of different terms within the same statute is generally interpreted to connote distinct meanings."). And because MCL 324.30110(2) uses the same language as MCL 324.30319(2) and is part of the same act, it presumably has the same meaning. See *Robinson v City of Lansing*, 486 Mich 1, 17; 782 NW2d 171 (2010) (explaining that "unless the Legislature indicates otherwise, when it repeatedly uses the same phrase in a statute, that phrase should be given the same meaning throughout the statute").

For these reasons, we conclude that MCL 324.30110(2) and MCL 324.30319(2) are not limited to the department's "action or inaction" with respect to a permit or an application for a permit under Part 301 or Part 303. The ALJ and the circuit court erred by adding this requirement to these statutes. See *Lakeshore Group*, 507 Mich at 66.

That said, the ALJ and circuit court did not err by recognizing that there must be *some* limit on the "any action or inaction" language of MCL 324.30110(2) and MCL 324.30319(2). The phrase "any action or inaction of the department," if read literally, would mean that a person aggrieved by *anything* the department does or does not do could request a hearing. "But reading the statutory language in context," as this Court is required to do, it is "plain" that the scopes of the statutes "are not unlimited." *Britten v Circle H Stables, Inc*, 348 Mich App 208, 216-217; 18 NW3d 329 (2023). "[T]he most logical reading" of MCL 324.30110(2) and MCL 324.30319 (2) is that they are limited to "any action or inaction of the department" related to the relevant parts of the NREPA (Parts 301 and 303, respectively). *Britten*, 348 Mich App at 217. Indeed, to read the sections as allowing a person to contest literally *any* action or inaction of the department would

---

[5] MCL 324.32723(12) states:

> A person who is aggrieved by a determination of the department under this section related to a water withdrawal permit may file a sworn petition with the department setting forth the grounds and reasons for the complaint and asking for a contested case hearing on the matter pursuant to the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328.

[6] MCL 324.3113(3) states:

> If the permit or denial of a new or increased use is not acceptable to the permittee, the applicant, or any other person, the permittee, the applicant, or other person may file a sworn petition with the department setting forth the grounds and reasons for the complaint and asking for a contested case hearing on the matter pursuant to the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328.

make the statutes redundant, thereby violating the general rule that courts should avoid an interpretation that renders statutory language "surplusage or nugatory." See *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). We accordingly hold that the language "any action or inaction of the department" as used in MCL 324.30110(2) and MCL 324.30319(2) is limited to the action or inaction of the EGLE with respect to Part 301 and Part 303, respectively.

With this limiting principle in mind, the statutes each allow a person "aggrieved by any action or inaction of the department" to request "a formal hearing." MCL 324.30110(2); MCL 324.30319(2). The EGLE has never argued that appellant was not "aggrieved" under MCL 324.30110(2) and MCL 324.30319(2), but the circuit court addressed the issue and concluded that appellant was not "aggrieved" as that term is used in MCL 324.30110(2) and MCL 324.30319(2) because no application for a permit under Part 301 or Part 303 had been filed. In other words, the circuit court ruled that, to invoke MCL 324.30110(2) and MCL 324.30319(2), a person had to be "aggrieved" by the EGLE's action or inaction *on a permit application* sought under Part 301 or Part 303. While that is certainly one way a person could be "aggrieved" under MCL 324.30110(2) and MCL 324.30319(2), it is not the only way. Both statutes state that a person is entitled to a hearing if they are aggrieved by *any* action or inaction of the department. MCL 324.30110(2); MCL 324.30319(2). The circuit court's definition of what constitutes an "aggrieved" person as used in these statutes was therefore too narrow. We need not define precisely what "aggrieved" means as used in MCL 324.30110(2) and MCL 324.30319(2), or whether appellant was in fact aggrieved, because, at this time, the parties do not address those issues.[7]

Appellant argues that, after it requested a hearing, MCL 324.30110(2) and MCL 324.30319(2) required the department or commission to conduct the hearing. See *Lakeshore Group*, 507 Mich at 64-65. We decline to reach this issue because neither the ALJ nor the circuit court addressed it. Rather, both the ALJ and the circuit court concluded that the ALJ lacked subject-matter jurisdiction over appellant's petition as it relates to Parts 301 and 303 because no permit application had been filed. For the reasons explained, this was error—neither MCL 324.30110(2) nor MCL 324.30319(2) require that a permit application be filed before an aggrieved party can request a hearing under the statutes. And because the EGLE does not, at this time, contest that appellant was "aggrieved," MCL 324.30110(2) and MCL 324.30319(2) gave the ALJ subject-matter jurisdiction over appellant's petition to the extent that the petition requested a hearing with respect to the EGLE's pertinent actions or inactions involving Parts 301 and 303.

The EGLE makes four arguments against this result, most of which are not grounded in the language of the statute, and none of which support that the ALJ properly dismissed appellant's petition for lack of subject-matter jurisdiction.

The EGLE first contends that the enforcement of Parts 301 and 303 is vested in the department's discretion, but the EGLE fails to explain how or why this divested the ALJ of subject-matter jurisdiction given the broad language of MCL 324.30110(2) and MCL 324.30319(2). Those statutes both state that a person can request a formal hearing if they are aggrieved by *any* action or inaction of the department. MCL 324.30110(2); MCL 324.30319(2). Whether the

---

[7] We note that this Court defined "aggrieved" as used in MCL 324.30319(2) in *Maxwell v Dep't of Environmental Quality*, 264 Mich App 567, 571; 692 NW2d 68 (2004).

-6-

EGLE's complained-of action or inaction is mandatory or discretionary has nothing to do with whether MCL 324.30110(2) or MCL 324.30319(2) applies.

The EGLE next argues that the ALJ properly concluded that it lacked jurisdiction over appellant's petition because "no permit application had been filed under Part 301 and 303." We reject this argument because, for the reasons explained, it adds a statutory requirement to MCL 324.30110(2) and MCL 324.30319(2) that is not apparent from either statute's text.

The EGLE contends that its permit-application argument is supported by *Nat'l Wildlife Federation v Dep't of Environmental Quality (No 2)*, 306 Mich App 369, 381; 856 NW2d 394 (2014), because, according to the EGLE, that case held that "contested case proceedings are an extension of existing permit application proceedings." This contention reads *Nat'l Wildlife* too broadly. In *Nat'l Wildlife*, the appellant was contesting the decision of the then-Department of Environment Quality (DEQ) to issue a groundwater discharge permit, which resulted in contested case proceedings. *Id*. at 371-372. During those proceedings, the DEQ was allowed to present "new evidence," and the appellant argued that this was improper because the contested case proceeding should be limited to the "application proceedings" that led the DEQ to make its "decision to issue the groundwater discharge permit." *Id*. at 373-374. This Court rejected this argument, concluding that "the DEQ and the circuit court correctly recognized the contested case proceeding below as an extension of the initial application process for the purpose of arriving at a single final agency decision on the application for a groundwater discharge permit." *Id*. at 379. The portion of *Nat'l Wildlife* on which the EGLE relies simply reiterated this holding, saying, "As discussed [earlier in] this opinion, contested case proceedings of this sort are an extension of the original application proceedings, not appellate review of the initial decision on the application." *Id*. at 381. *Nat'l Wildlife* thus merely recognized that, in the context of the case before it, the contested case proceeding was part of the initial application process; *Nat'l Wildlife* did not announce a rule that *all* contested case proceedings are extensions of application proceedings.

Third, the EGLE contends that the ALJ lacked jurisdiction over appellant's petition because it could not provide the relief that appellant supposedly requested—that the ALJ compel the EGLE to take discretionary enforcement action. While appellant disputes the EGLE's characterization of the relief it seeks, resolution of that disagreement makes no difference. Even if appellant did request relief that the ALJ could not grant, that alone would not divest the ALJ of subject-matter jurisdiction. Subject-matter jurisdiction relates to the "class of cases" over which the ALJ "has the authority to exercise powers of adjudication." *Wayne Co*, 325 Mich App at 636. If appellant properly invokes the ALJ's subject-matter jurisdiction under MCL 324.30110(2) or MCL 324.30319(2) but asks the ALJ to render relief that the ALJ cannot grant, then it is left to the ALJ, "*in the exercise of its subject-matter jurisdiction*, to render that ruling." *Wayne Co*, 325 Mich App at 637.

Finally, the EGLE argues that its refusal to exercise its enforcement discretion does not constitute an "inaction" as used in MCL 324.30110(2) and MCL 324.30319(2). In support of this argument, the EGLE principally relies on *Heckler v Chaney*, 470 US 821, 831-832; 105 S Ct 1649; 84 L Ed 2d 714 (1985), where the United States Supreme Court generally recognized that "an agency's decision to not take enforcement action" is presumptively unreviewable. But *Heckler* provides little help for the EGLE's position. At issue in *Heckler* was "the extent to which determinations by the [Food and Drug Administration] not to exercise its enforcement authority

over the use of drugs in interstate commerce may be judicially reviewed." *Id*. at 828. The Court noted that judicial review *was* generally available for an agency's "failure to act" under 5 USC 704, provided that the agency's action was not "committed to agency discretion by law" under 5 USC 701(a)(2). *Heckler*, 470 US at 828. The *Heckler* Court explained at length why it believed "that an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)," which included reasons like "the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all." *Heckler*, 470 US at 831-832.

*Heckler* does not support the EGLE's argument for the simple reason that *Heckler* was interpreting a provision of the federal APA that limited judicial review to agency decisions that were not "committed to agency discretion by law," and the EGLE does not direct this Court to any equivalent counterpart in Michigan's APA. Without some type of statutory grounding, the EGLE's argument is simply one of policy—the EGLE believes that a narrow interpretation of "inaction" as used in MCL 324.30110(2) and MCL 324.30319(2) is good policy for the reasons stated in *Heckler*, 470 US at 831-832. But policy concerns "belong to the Legislature." *Bronson Health*, 348 Mich App at 450 (quotation marks, citation, and alteration omitted). And the Legislature already made a policy decision about the extent to which the department's actions or inactions related to Parts 301 and 303 should be reviewed—the Legislature wrote MCL 324.30110(2) and MCL 324.30319(2) to broadly allow a person "aggrieved by *any* action or inaction of the department" to request a hearing. (Emphasis added.) While the EGLE raises legitimate and serious policy considerations, the EGLE's concerns can only be addressed by the Legislature. See *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 149; 644 NW2d 715 (2002) ("It is not the role of the judiciary to second-guess the wisdom of a legislative policy choice; our constitutional obligation is to interpret—not to rewrite—the law.").

In closing, we emphasize that our ruling is a narrow one. We are simply reversing the rulings of the ALJ and circuit court to the extent that they held that the ALJ lacked subject-matter jurisdiction over appellant's petition as it relates to Parts 301 and 303 because, contrary to the rulings of the ALJ and the circuit court, neither MCL 324.30110(2) nor MCL 324.30319(2) require the filing of a permit application under Part 301 or Part 303 to be invoked. On remand, the ALJ is free to address any of the parties' remaining disputes, including whether appellant is "aggrieved," whether a hearing is required, and what relief, if any, is available. And it can do so because, for the reasons explained, it has subject-matter jurisdiction over appellant's petition as it relates to Parts 301 and 303 of the NREPA. See MCL 324.30110(2); MCL 324.30319(2).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin

-8-